# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAUSTEVEION JOHNSON, )
    #82138 )
                              )
    Plaintiff, )    2:10-cv-02143-JCM-GWF
                              )
vs. )    **ORDER**
TREVOR ALCINDOR, *et al.*, )
                              )
    Defendants. )
                              /

        This is a prisoner civil rights action filed in the Eighth Judicial District Court of the State of Nevada, in and for Clark County. Defendants filed a petition for removal on December 9, 2010, alleging that this court has original jurisdiction based on plaintiff's claim under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc to 2000cc-5 (2000). As discussed below, this action is remanded to state court.

**I. Screening Standard**

        Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

1  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or
2  where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v.*
4  *Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

5         Dismissal of a complaint for failure to state a claim upon which relief may be granted is
6  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
7  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under
8  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*,
9  232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the
10 elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief
11 above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965
12 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates
13 a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard,
14 the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*
15 *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to
16 plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

17        Allegations in a *pro se* complaint are held to less stringent standards than formal
18 pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.
19 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
20 Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the
21 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
22 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
23 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
24 allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*
25 *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

26

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP Warden Dwight Neven, High Desert Correctional Center ("HDCC") Warden Anthony Scillia, HDSP/HDCC corrections officer Brian Ward, HDSP/ HDCC disciplinary hearing officer Steve Statler, Nevada Department of Corrections ("NDOC") Director Howard Skolnik, and NDOC Deputy Director Greg Cox. Plaintiff alleges that in January 2009 Alcindor expelled him from school for wearing his "religious kuffi" and was also issued a notice of charges because he is Muslim. According to plaintiff, the NDOC school building rules proscribe "head gear" in the school building, except for religious head gear. Plaintiff alleges that wearing his kuffi is a major part of his religious practice, belief and exercise. Plaintiff states that defendants Ward and Scillia denied his grievances, and that Statler reviewed the disciplinary charges and found that they were substantiated.

In the petition for removal, defendants claim that this court has original jurisdiction over the subject matter of this litigation because plaintiff brings a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 (2000). However, plaintiff has styled his complaint as "NRS 41.0322 tort action civil rights complaint pursuant to NRS 41.010 et seq." While on page 3 of his complaint, plaintiff states that jurisdiction is invoked pursuant to Nevada Revised Statute ("NRS") 41.03221, 209.131, 41.010, NDOC administrative regulations ("AR's"), and Religious Land Use and Institutionalized Persons Act, that is the only time that RLUIPA is mentioned in the complaint. In both counts in the complaint, plaintiff alleges violations of his rights under the Nevada Constitution, NRS 209.131 and NDOC AR's. Plaintiff does not set forth any claims under RLUIPA.

Accordingly, plaintiff's complaint sets forth no federal-law cause of action. Thus, this action is remanded to state court. 28 U.S.C. §1441(c).

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the clerk shall detach and **FILE** the complaint (docket #1-2).

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Eighth Judicial District Court of the State of Nevada, in and for Clark County. Because the complaint sets forth no federal-law cause of action, the court remands the action to state court. 28 U.S.C. §1441(c). **The clerk of court shall mail a certified copy of this order to the Eighth Judicial District Court in Clark County**.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close this case.

DATED February 9, 2011.

UNITED STATES DISTRICT JUDGE