UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,     )
    #82138     )
         )
    Plaintiff,     )    2:10-cv-02143-JCM-GWF
         )
vs.     )    **ORDER**
TREVOR ALCINDOR, *et al.*,     )
         )
    Defendants.     )
         /

    Presently before the court is defendants' motion for relief from order (doc. #10) and judgment in a civil case (doc. #11) pursuant to Federal Rule of Civil Procedure 60(b). (Doc. #12). To date, no response has been filed.

    On February 9, 2011, this court ordered the case remanded to the Eighth Judicial District Court of Nevada for failure to set forth a federal-law cause of action. (Doc. #10). The court further ordered that the clerk enter judgement accordingly and close the case. (*Id.*). Defendants now request that those orders be vacated, and the matter removed back to this court. (Doc. #12).

    The basis for the requested relief is the defendants' alleged discovery that "the non-filed stamped handwritten complaint . . . that was served upon Defendants . . . is <u>not</u> a true and correct copy, or accurate representation of, the complaint . . . actually filed in the Eighth Judicial District Court, Clark County, Nevada." (*Id.*). Defendants contend that this discovery is significant, in that the discrepancies

between the title, jurisdictional allegations, and causes of action pled in the two complaints suggest that the subject orders (docs. #10, 11) were unfairly obtained.

Under Federal Rule of Civil Procedure 60(b)(3), the court may relieve a party from an order or final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Such a motion must be made within a reasonable time, meaning no more than a year after the entry of judgment. FED. R. CIV. P. 60(c).

Here, the motion is timely, having been submitted approximately three months after the entry of clerk's judgment (doc. #11). Defendants allege that plaintiff obtained the judgment in this case through fraud, misrepresentation and/or misconduct; namely, plaintiff served a copy of the complaint upon defendants that was materially different from the complaint actually filed in state court. Whether the misrepresentation was intentional is immaterial, as it nonetheless prevented the defendants from fairly presenting their defense. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 879 (9th Cir. 1990) (holding that a failure to disclose may constitute misconduct even absent proof of nefarious intent, because misconduct may include accidental omissions).

In support of the motion, defendants have created a chart illustrating the differences between the two complaints. (*See* doc. #12 at 7:7–8:22). Having reviewed the motion and the discrepancies between the complaint actually filed and the complaint served upon the defendants, the court agrees that the two are fundamentally different. For example, the filed complaint alleges claims under 42 U.S.C. § 1983, whereas the served complaint purports to allege only state civil rights violations pursuant to NRS 41.010 *et seq*. The court finds that this omission influenced the decision to remand, and defendants have met their burden under Rule 60.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for relief from order and judgment (doc. #12) be, and the same hereby is, GRANTED;

. . .

. . .

1   IT IS FURTHER ORDERED that this court's order (doc. #10) and the clerk's judgment (doc.
2  #11) are hereby VACATED, and the case hereby reinstated in United States District Court for the
3  District of Nevada.
4   DATED June 27, 2011.

_____
UNITED STATES DISTRICT JUDGE