UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON,<br>    #82138 | )<br>)<br>) | |
|     Plaintiff, | )<br>) | 2:10-cv-02143-JCM-GWF |
| vs.<br>TREVOR ALCINDOR, *et al.*, | )<br>)<br>) | **ORDER** |
|     Defendants. | )<br>) | |

Presently before the court is plaintiff Lausteveion Johnson's motion to vacate his settlement agreement with defendants. (Doc. #40). Defendants have replied. (Doc. #41).

This action was terminated on March 7, 2012, pursuant to the parties' stipulation of dismissal with prejudice. (Doc. #39). Apparently, the parties stipulated to dismiss the case because they had reached a settlement agreement between themselves. The stipulation, however, does not reference the settlement agreement or inform the court of its terms.

Neither party discusses whether or not this court has jurisdiction to grant plaintiff the relief he seeks. Applying the holding of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), to the facts of this case, the court finds that it lacks jurisdiction to vacate the settlement agreement.

. . .

In *Kokkonen*, the Supreme Court held that where parties stipulate to a dismissal with prejudice, pursuant to an unenumerated settlement agreement, the court does not retain jurisdiction to enforce the terms of that settlement. *Id.* at 381-82. In *Kokkonen*, the parties settled their dispute. Upon agreeing to settlement terms, they filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The stipulation of dismissal "did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." *Id.* at 377.

The Supreme Court explained that because the parties agreed to dismiss with prejudice, and did not reserve any jurisdiction in the district court to enforce the settlement, the district court lacked the inherent authority to reopen the case and enforce the settlement agreement. *Id.* at 381-82. As the court explained, "enforcement of the settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. The court reversed the district court's order enforcing the settlement agreement, and remanded so the lower court could determine if there was an independent basis for federal jurisdiction. *Id.* at 382.

*Kokkonen* makes clear that this court lacks jurisdiction to enforce the settlement agreement. If the court cannot enforce the agreement, the court fails to see how it retains jurisdiction to vacate the agreement. The settlement agreement exists independent of plaintiff's complaint and therefore "requires its own basis for jurisdiction." *Id.* at 378. Absent such a basis, the case remains closed pursuant to the parties' stipulation.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to vacate (doc. #40) be, and the same hereby is, DENIED.

DATED March 22, 2012.

_____
UNITED STATES DISTRICT JUDGE